UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ANDERSON JOSEPH,

                      Plaintiff,

            - against -

NASSAU COUNTY DEPARTMENT OF
PROBATION,

                      Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-1690 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

        Plaintiff Anderson Joseph filed this *pro se* action under 42 U.S.C. § 1983 ("Section 1983") alleging that he was unlawfully arrested on January 23, 2018.[1] (Complaint ("Compl."), Dkt. 1.) Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the Complaint is dismissed, but Plaintiff is granted permission to

---

[1] The Court notes that in recent weeks, Plaintiff has filed more than 20 other cases against various individuals, organizations, and entities based on allegations that are unrelated to the allegations set forth in this Complaint. *See Joseph v. Supreme Ct. of the State of N.Y.*, No. 21-CV-1685 (PKC) (PK); *Joseph v. Legal Aid Soc'y*, No. 21-CV-1686 (PKC) (PK); *Joseph v. N.Y.C. Police Dep't*, No. 21-CV-1687 (PKC) (PK); *Joseph v. Kirby Forensic Psychiatric Ctr.*, No. 21-CV-1688 (PKC) (PK); *Joseph v. Dep't of Probation*, No. 21-CV-1689 (PKC) (PK); *Joseph v. Row Hotel*, No. 21-CV-1691 (PKC) (PK); *Joseph v. Children's Rescue Fund*, No. 21-CV-1692 (PKC) (PK); *Joseph v. Landing Fam. Shelter*, No. 21-CV-1693 (PKC) (PK); *Joseph v. Spring Fam. Residence*, No. 21-CV-1694 (PKC) (PK); *Joseph v. Hollis Fam. Residence*, No. 21-CV-1695 (PKC) (PK); *Joseph v. MTA NYC Transit*, No. 21-CV-1696 (PKC) (PK); *Joseph v. Stark*, No. 21-CV-2136 (PKC) (PK); *Joseph v. Jamaica Hosp. Med. Ctr.*, No. 21-CV-2137 (PKC) (PK); *Joseph v. Mount Sinai Queens*, No. 21-CV-2139 (PKC) (PK); *Joseph v. NYU Langone Med. Bus. Off.*, No. 21-CV-2140 (PKC) (PK); *Joseph v. Queens Hosp. Ctr.*, No. 21-CV-2141 (PKC) (PK); *Joseph v. Wells Fargo Bank*, No. 21-CV-2810 (PKC) (PK); *Joseph v. TD Bank*, No. 21-CV-2811 (PKC) (PK); *Joseph v. Ridgewood Sav. Bank*, No. 21-CV-2812 (PKC) (PK); *Joseph v. CMJ Mgmt. Inc.*, No. 21-CV-2813 (PKC) (PK); *Joseph v. Chase Bank*, No. 21-CV-2814 (PKC) (PK); *Joseph v. Bank of Am.*, No. 21-CV-2816 (PKC) (PK).

1

file an amended complaint **within thirty (30) days** of the date of this Order alleging *only* a false arrest claim.

## BACKGROUND

Plaintiff alleges that on January 23, 2018, he was at a Nassau County probation office, following up about an appointment,[2] "when two unknown person[s] arrested [him] with guns pointed at [him]." (Compl., Dkt. 1, at 3–4.) Plaintiff alleges that he was arrested "without any violation" and was "discriminate[d] [against] by Nassau County Department of Probation." (*Id.* at 4.) Plaintiff further alleges that his arrest "was il[l]egal," "there was no Due Process of Law," and that "the Legal Aid Process[ed] [him] to the court without [q]uestion[ing] [him] and read[ing] [him] [his] rights." (*Id.*) Plaintiff alleges that he "went to [a] clinic" at that time and feels "depression disorder" and "stress disorder." (*Id.*) Plaintiff seeks $300 million in damages for pain and suffering. (*Id.* at 5.)

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an IFP action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

---

[2] Plaintiff explains that he "did not have an[] appointment" and was "suppose[d] to wait for [his] next appointment," but after he did not receive a call from his parole officer, decided to go to the parole office on January 23, 2018 "just to see what happened." (Compl., Dkt. 1, at 4.) The Court assumes that Plaintiff was previously convicted of a state offense for which he was required to report to the Nassau County Probation Department around January 23, 2018.

A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the compliant are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *see McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004) ("[A] court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations."). "If [a] liberal reading of the complaint 'gives any indication that a valid claim might be stated,' the Court must give the plaintiff an opportunity to amend the complaint." *Nelson-Charles v. U.S. Dep't of Educ.*, No. 19-CV-1616 (PKC) (PK), 2019 WL 1675999, at *2 (E.D.N.Y. Apr. 16, 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

## DISCUSSION

**I.      42 U.S.C. § 1983 Claim for False Arrest**

"Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting 42 U.S.C. § 1983). "Thus, to state a claim under Section 1983, a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, and (2) that the deprivation was 'committed by a person acting under the color of state law.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015) (quoting *Cornejo v. Bell,* 592 F.3d 121, 127 (2d Cir. 2010)).

Here, the alleged constitutional deprivation relates to Plaintiff's alleged "il[l]egal" arrest without justification on January 23, 2018 by the Nassau County Department of Probation.[3] (*See* Compl., Dkt. 1, at 3–4.) A Section 1983 claim for false arrest rests "on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause" and "is substantially the same as a claim for false arrest under New York law." *Walston v. City of New York*, 289 F. Supp. 3d 398, 406 (E.D.N.Y. 2018) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)), *aff'd*, 754 F. App'x 65 (2d Cir. 2019) (summary order). To prove false arrest under New York law, a plaintiff must establish the following elements: "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged" or supported by probable cause. *Id.* (quoting *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003)). Probable cause to arrest is a complete defense to a claim of false arrest and "exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (quoting *Weyant*, 101 F.3d at 852).

---

[3] The Court interprets Plaintiff's conclusory references to discrimination and "no Due Process" in relation to his arrest (*see* Compl., Dkt. 1, at 4) as allegations generally in support of his false arrest claim, not separate, free-standing claims. Further, to the extent Plaintiff seeks to bring a claim based solely on the failure to "read him his rights" (*see id.*), the Court dismisses such a claim as not cognizable under Section 1983. *See Deshawn E. ex rel. Charlotte E. v. Safir*, 156 F.3d 340, 346 (2d Cir. 1998) (Plaintiff "cannot base a § 1983 claim solely on a law enforcement officer's failure to administer *Miranda* warnings"); *Myers v. County of Nassau*, 825 F. Supp. 2d 359, 368 (E.D.N.Y. 2011) ("As to any *Miranda* claim, such violations are, . . . properly redressed by the exclusion of improperly obtained evidence at trial; and not by way of an action pursuant to Section 1983.").

At the outset, the Complaint cannot proceed because the only named Defendant, the Nassau County Department of Probation, is not a suable entity.[4]  "It is well-established that '[u]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued.'" *Perros v. County of Nassau*, 238 F. Supp. 3d 395, 400 (E.D.N.Y. 2017) (quoting *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002)).  Therefore, the Nassau County Department of Probation must be dismissed.

Though the Complaint names only the Nassau County Department of Probation as a Defendant, it refers to "two unknown person[s]" who allegedly arrested Plaintiff.  (Compl., Dkt. 1, at 3–4.)  An individual may face Section 1983 liability if he or she is personally involved in the alleged constitutional violation.  *Brandon v. Kinter*, 938 F.3d 21, 36 (2d Cir. 2019) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (citation and internal quotation marks

---

[4] A municipality, such as Nassau County, may face Section 1983 liability if a municipal policy or custom cause the alleged constitutional violation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  To that end,

> [f]our types of practices may underly a § 1983 suit against a municipality: (1) a formally adopted municipal policy; (2) the actions or decisions of a municipal official with final policymaking authority; (3) a practice so persistent and widespread that it constitutes a custom or usage; and (4) a failure by official policymakers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference.

*Joseph v. NYC Dep't of Corr.*, No. 20-CV-1676 (PKC) (LB), 2020 WL 2128860, at *2 (E.D.N.Y. May 5, 2020).  Plaintiff has not identified Nassau County as a defendant here nor pled any facts to establish municipal liability.

5

omitted)). However, Plaintiff does not name these unknown individuals as defendants, nor does he allege that they were acting under color of state law at the time of his arrest.[5]

Furthermore, the Complaint contains only legal conclusions about the purported "illegality" of Plaintiff's arrest by these two unnamed individuals. It does not provide any facts explaining the circumstances surrounding or leading up to his arrest, including the offense for which Plaintiff was allegedly arrested. As a result, the Court cannot determine whether his false arrest claim, even construed liberally, states a valid, non-frivolous claim for false arrest. *See* 28 U.S.C. § 1915(e)(2)(B) (imposing duty on the court in an IFP action to determine whether the action "(i) is frivolous or malicious; [and] (ii) fails to state a claim on which relief may be granted"); *Livingston*, 141 F.3d at 437 (explaining that an action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory" (internal quotation marks and citation omitted)).

For all of the above reasons, the Complaint is dismissed in its entirety.

## II.     Leave to Amend

However, in light of the Court's duty to liberally construe *pro se* complaints, *Ceara*, 916 F.3d at 213, particularly those raising civil rights violations, *McEachin,* 357 F.3d at 200, the Court grants Plaintiff permission to file an amended complaint to allege *only* a false arrest claim. The Amended Complaint must comply with Federal Rule of Civil Procedure 8(a), which requires Plaintiff to provide a short, plain statement of his false arrest claim showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces

---

[5] Though Plaintiff may proceed against the two individuals even if he does not know their identities, by naming them as "John Doe" or "Jane Doe" defendants, he must still allege facts supporting the inference that they were both acting under color of state law.

does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (internal quotation marks and citation omitted)). Therefore, should Plaintiff elect to file an amended complaint to allege a false arrest claim, he must allege facts that support the elements of such a claim and must identify the state actors who personally violated his constitutional rights. Even if Plaintiff does not know the names of these individuals, he may identify the individuals as "John Doe" or "Jane Doe," along with descriptive information about their place of employment, *e.g.*, "Police Officer Jane Doe #1 who works at Police Precinct #1." Plaintiff should identify these individuals as defendants in *both* the case caption and body of the Amended Complaint. Plaintiff should also provide the approximate dates and locations for each relevant event described in the Amended Complaint.

The Amended Complaint must be captioned as "AMENDED COMPLAINT" and bear the same docket number as this Order: 21-CV-1690 (PKC) (PK). Plaintiff is advised that an amended complaint does not simply add to the original Complaint that was docketed on March 25, 2021. (*see* Compl., Dkt. 1.) Rather, once an amended complaint is filed, it will completely replace the original Complaint.

## CONCLUSION

The Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). However, Plaintiff is granted permission to file an amended complaint *within thirty (30) days* of the date of this Order to allege *only* a false arrest claim that complies with the requirements set forth in this Order.

No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If Plaintiff fails to comply with this Order within the time allowed, or fails to cure the deficiencies discussed herein, judgment shall enter dismissing this action.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore IFP status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 11, 2021
      Brooklyn, New York